IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hao Qing Zhan, ) | Case No. 8:12-cv-03052-RBH-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Alan Wilson; Larry Cartledge, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the Court on a motion for summary judgment filed by Respondents [Doc. 27] and a motion to dismiss without prejudice filed by Petitioner [Doc. 30]. Petitioner, proceeding pro se, is a state prisoner who seeks relief through a writ of habeas corpus.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 18, 2012.[2] [Docs. 1, 1-3.] On January 15, 2013, Respondents filed a motion for summary judgment. [Doc. 27.] On January 16, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 28.] On

---

[1] Petitioner originally filed the Petition on a form for federal prisoners to file habeas petitions pursuant to 28 U.S.C. § 2241. [Doc. 1.] For reasons explained below, the Court requested Petitioner to resubmit his petition on the form for habeas petitions pursuant to § 2254 [Doc. 8], and Petitioner complied [Doc. 1-3]. Accordingly, the Court cites to Docket Entry Number 1-3, Petitioner's allegations submitted on the § 2254 form, as the Petition.

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on October 18, 2012. [Doc. 1-1 (envelope marked as received by prison mailroom on October 18, 2012).]

February 7, 2013, Petitioner filed a motion to dismiss this action without prejudice. [Doc. 30.] Subsequently, Respondents filed a letter addressed to Petitioner that stated, "[W]e do not wish to amend any of our arguments as raised in our response to [Petitioner's] federal habeas petition, and therefore, find no reason to file any additional response to [Petitioner's] Motion to Dismiss." [Doc. 31.] The Court granted Petitioner two extensions of time to file a response to Respondents' motion for summary judgment [Docs. 34, 38], but instead of filing a response in opposition, on March 15, 2013, Petitioner filed a clarification of his motion to dismiss [Doc. 40].

On June 5, 2013, the Court filed an Order for Petitioner to show cause why the Petition should not be dismissed as untimely. [Doc. 47.] Petitioner filed a response to the Order to show cause on July 1, 2013. [Doc. 49.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondents' motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment of the Greenville County Clerk of Court. [Doc. 1-3 at 1.] On April 16, 1993, Petitioner pled guilty to charges of murder, armed robbery, first degree arson, and first degree burglary. [*Id.*] Petitioner was sentenced to the following terms of imprisonment, with each term to run consecutively: life for murder, life for burglary, 25 years for armed robbery, and 25 years for arson. [*Id.*; Doc. 27-1 at 1.]

In the Petition, Petitioner raises the following ground for relief, quoted substantially verbatim:

> Denial of the protections of the Fourteenth Amendment due process of law, Procedural due Process and Equal Protection of the laws[.]

[Doc. 1-3 at 5.]  Petitioner contends the State abandoned the death penalty in exchange for his guilty plea, and under S.C. Code Ann. § 16-3-20(a) as it read at the time he was sentenced,[3] he should be eligible for parole after serving twenty years.  [*Id.* at 6–7.]  As a result, Petitioner argues that, applying jail credit, he should have been parole eligible in 2010.  [*Id.* at 7.]  Petitioner alleges that, despite S.C. Code Ann. § 16-3-20(a) and his efforts to ensure he would be parole eligible after serving twenty years, "[t]he state illegally had Petitioner's 2010 parole eligibility statu[]s removed from within the SCDC computers & directed the [d]ppps not to take petitioner up for parole," such that SCDC "is showing a parole eligibility date only after thirty (30) years."  [*Id.* at 6–7.]  More specifically, Petitioner alleges the State should have been required to use some type of legal process, such as a "motion challenging the parole board decision to grant petitioner Parole eligibility statu[]s

---

[3]According to Petitioner, when he was sentenced on April 16, 1993, S.C. Code Ann. § 16-3-20(a) provided in part as follows:

> A person who is convicted of or pleads guilty to murder must be punished by death or by imprisonment of life and is not eligible for parole until the service of twenty years, provided however, that when the state seeks the death penalty and an aggravating circumstance is specifically found beyond a reasonable doubt pursuant to subsection (B) and (C), and a recommendation of death is not made, the court must impose a sentence of life imprisonment without eligibility for parole until the service of thirty years.

[Doc. 1-3 at 6.]

3

after twenty (20) years," to challenge when Petitioner would become parole eligible, rather than "simply have petitioner's status removed by what ever means it took." [*Id.* at 7.]

As stated, Respondents filed a motion for summary judgment on January 15, 2013 [Doc. 27], and Petitioner filed a motion to dismiss to exhaust administrative remedies on February 7, 2013 [Doc. 30]. Upon review of the record, the Court found the Petition was likely time-barred. On June 5, 2013, the Court issued an Order to show cause, allowing Petitioner to address whether the Petition is time-barred and Respondents to reply to any arguments raised by Petitioner. [Doc. 47.] On July 1, 2013, Petitioner submitted a response to the Order to show cause, arguing the Court should remove this case to the South Carolina Administrative Law Court because Petitioner has an available state remedy to exhaust. [Doc. 49.] Respondents failed to file a reply. Accordingly, Respondents' motion for summary judgment and Petitioner's motion to dismiss are ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court

may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Appropriate Jurisdictional Statute*

Potentially, two statutes provide Petitioner an avenue for federal habeas relief—28 U.S.C. § 2241 and 28 U.S.C. § 2254.[4]  Under § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  Similarly, under § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2254(a).  Thus, both § 2241 and § 2254 appear to provide this Court jurisdiction to consider Petitioner's federal habeas petition.

Nevertheless, the majority of United States Courts of Appeals that have addressed which statute is the appropriate jurisdictional statute when state prisoners[5] challenge the execution—rather than the validity—of their sentences have held that such challenges must

---

[4]Petitioner may also be able to seek redress pursuant to 42 U.S.C. § 1983, which provides relief for civil rights violations.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding prisoners who were challenging state procedures used to deny parole eligibility and suitability could bring actions pursuant to § 1983 because a favorable judgment for either prisoner would not lead to their immediate or speedier release or necessarily imply the invalidity of their convictions or sentences).  However, as the United States Court of Appeals for the Fourth Circuit has noted, the Supreme Court did not clearly hold that § 1983 was the only remedy for such claims.  *Townes v. Jarvis*, 577 F.3d 543, 549 n.4 (4th Cir. 2009).  Therefore, because Petitioner brought this action through a petition for writ of habeas corpus, the Court considers only whether the Petition is proper under § 2241 or § 2254 of the habeas statutes.  The Court expresses no opinion as to whether Petitioner alternatively could seek relief under § 1983.

[5]The Court uses the term "state prisoners" to refer to prisoners who are "in custody pursuant to the judgment of a State court."  Accordingly, the term does not encompass pre-trial detainees who are in custody on state charges but have not been convicted of a crime.

7

be brought under § 2254.[6]  *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st

---

[6]As the United States Court of Appeals for the Ninth Circuit explained,

> Although the text of either statute would appear to confer jurisdiction, a proper understanding of the interaction between 28 U.S.C. § 2241 and 28 U.S.C. § 2254 leads us to the conclusion that they apply in different situations.  Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction."
>
> This understanding of the interaction between the two statutes is bolstered by the relevant legislative history.  When § 2254 was enacted in 1948, it "merely codified the requirement of exhaustion of state remedies." Congress' amendments to § 2254 in 1966 and in the 1996 Anti-Terrorism and Effective Death Penalty Act ("AEDPA") merely imposed additional requirements on state prisoners seeking habeas relief who were in custody pursuant to a state court judgment.  As a Senate report on a bill proposing new amendments to § 2254 in 1966 stated, the bill "*revises the procedure applicable to review* by lower federal courts of petitions for habeas corpus by prisoners who have been convicted and who are in custody pursuant to the judgment of a state court."
>
> By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.  In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims.
>
> This understanding of the interaction between 28 U.S.C. § 2241 and 28 U.S.C. § 2254 finds support in the Supreme Court's decision in *Felker v. Turpin*, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).  *Felker* recognized that a court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"  As the Seventh Circuit noted in *Walker* [*v. O'Brien*, 219 F.3d 626, 633 (7th Cir. 2000)], extrapolating from the Court's holding in *Felker*, it is only when § 2254 does not apply to a state prisoner (because he is not in custody pursuant to a state court judgment) that he can resort to the Constitution, Article I, Section 9, Clause 2, and § 2241 (to the extent it is different than the Great Writ protected by the Constitution).  Although "§ 2254 does not contain exclusivity language along the lines of § 2244(a) and § 2255 . . . as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction."  We agree with the Seventh Circuit and likewise conclude that, "*Felker* leads to the conclusion that when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case."

Cir. 2010); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), *overruled on other grounds by Heyward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). *But see Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (stating state prisoners may file habeas petitions under § 2241 or § 2254, where § 2254 petitions are used to challenge the validity of a conviction and sentence and § 2241 petitions are used to challenge the execution of a sentence); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (internal citations omitted)).[7]  The United States Court of Appeals for the Fourth Circuit has not determined

---

*White v. Lambert*, 370 F.3d 1002, 1006–07 (9th Cir. 2004) (emphasis and first, third, and fourth alterations in original) (internal footnotes and citations omitted), *overruled on other grounds by Heyward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

[7]Additionally, the Fifth Circuit has held that § 2254 is the proper jurisdictional statute for at least one type of challenge by state prisoners outside of a challenge to the validity of a prisoner's conviction: "[T]his court has clearly held that when a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254." *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) (citations omitted). *But see Jones v. Thaler*, 344 F. App'x 926, 927 (5th Cir. 2009) (per curiam) (holding district court did not err in construing petitioner's § 2254 petition as a § 2241 petition, where petitioner challenged "(1) his loss of good time credits upon revocation of parole and (2) the denial of time credit (a) for completion of his G.E.D[.], and (b) under the Prison Management Act (PMA)"). Further, the Court notes that the position of the Tenth Circuit seems somewhat questionable in light of its holding that "§ 2244(d)(1)'s one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court.'" *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (quoting 28 U.S.C. § 2244(d)(1)). The Tenth Circuit offered no explanation as to why the limitations period of § 2244(d)(1) applies to all habeas petitions brought by state prisoners but § 2254 is not the proper jurisdictional statute for all habeas petitions brought by state prisoners, when both statutes employ the identical language "in custody pursuant to the judgment of a State court." *See id. Compare* 28 U.S.C. § 2241(d)(1), *with* 28 U.S.C. § 2254(a).

9

whether § 2241 or § 2254 is the appropriate jurisdictional statute when state prisoners challenge the execution of their sentences. *See Gregory v. Coleman*, 218 F. App'x 266, 267 (4th Cir. 2007) (acknowledging that the district court's order construing the petitioner's § 2241 petition as a § 2254 petition was a debatable procedural ruling). *But cf. Meeks v. McKoy*, 371 F. App'x 441, 441 (4th Cir. 2010) (holding statute of limitations found in § 2244(d)(1) applied to the petitioner's challenge of his disciplinary conviction brought under § 2254); *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003) ("The . . . plain language [of § 2244(d)(1)] reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments. The section does not distinguish based on the contents of a petitioner's claim, but encompasses all 'application[s] for writ of habeas corpus.' . . . Section 2244(d)(1) is not alone in not distinguishing among habeas claims that challenge state court judgments and those that challenge another aspect of custody. As section 2254 makes clear, the defining feature of a state prisoner's habeas claim is that it presents a challenge to his *custody*." (alteration and emphasis in original)). However, courts within this District have adopted the majority view—that § 2254 is the exclusive vehicle for state prisoners to seek federal habeas relief. *See, e.g.*, *Boyd v. South Carolina*, Nos. 1:11-2981-TLW-SVH, 1:12-201-TLW-SVH, 2012 WL 5928727, at *3 (D.S.C. Oct. 10, 2012), *Report and Recommendation adopted by* 2012 WL 5933011 (D.S.C. Nov. 27, 2012). Accordingly, the Court ordered Petitioner to resubmit the Petition on the form for § 2254 petitions [Doc. 8] and has considered the Petition as a petition pursuant to § 2254.

### *§ 2254 Petitions Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

As addressed in the Court's Order to show cause, Respondents argue the Petition is time barred [Doc. 27 at 5–8], and the Court agrees [*see* Doc. 47 at 12–18]. In his response to the Order to show cause, Petitioner does not challenge the conclusion that the Petition is untimely but argues the Court should allow him to exhaust an available state remedy—review by the South Carolina Administrative Law Court. [Doc. 49.] Upon consideration of Petitioner's arguments and applicable law, the Court concludes the Petition should be denied as untimely.

As discussed in the Order to show cause, Petitioner raises one ground for relief, alleging he was denied due process and equal protection under the Fourteenth Amendment of the United States Constitution when the State changed Petitioner's parole eligibility status, without filing anything in court, to require Petitioner to serve thirty, rather than twenty, years of his sentence before he is eligible for parole. [*See* Doc. 1-3 at 5–7; Doc. 40 at 2.] Liberally construing the Petition, Petitioner asserts two claims: (1) with respect to Petitioner's parole eligibility, the State improperly interpreted and/or applied S.C. Code Ann. § 16-3-20(a), and (2) Petitioner was denied due process when the State changed his parole eligibility status without employing any legal process.[8]

---

[8] Although Petitioner alleges an equal protection violation as part of his ground for relief, the Court has failed to discern any basis for an equal protection claim; for example, Petitioner has failed to allege he was treated differently from other similarly situated prisoners. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."). Therefore, the Court concludes the Petition does not support an equal protection claim.
  Further, Respondents apparently have construed the Petition as raising only one claim, which the Court has identified as Petitioner's first claim—that, with respect to Petitioner, the State improperly interpreted and/or applied S.C. Code Ann. § 16-3-20(a). [*See* Doc. 27-1.]

**Statute of Limitations**

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition to determining the limitations period contained in § 2244(d)(1) applies to all petitions by prisoners in custody pursuant to a state court judgment, the Fourth Circuit has stated,

> Subparagraph (A), referencing "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," plainly references 'the judgment' referred to in the preceding subpart (1)—that is, the state court judgment pursuant to which the petitioner is in custody.

*Wade*, 327 F.3d at 332.  Thus, in *Wade*, the Fourth Circuit held that, for the petitioner's constitutional challenge to the loss of good conduct credits upon revocation of his parole, § 2244(d)(1)(D) determined the limitations period began to run on the date the petitioner's parole revocation became final because (1) that was the date on which the petitioner could have discovered the factual predicate of his claim; (2) that date was later than the date his conviction became final, which was the date yielded under § 2244(d)(1)(A); and (3) neither the petitioner nor the respondent argued § 2244(d)(1)(B) or (C) applied.  *Id.* at 333.

Further, § 2244(d) tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Klopp v. Wolfe*, 8 F. App'x 444, 446 (6th Cir. 2001) (applying § 2244(d)(2) to toll limitations period for petition challenging parole revocation).  An application for collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002) (alteration in original))).  In *Pace*, the Supreme Court held that time limits on filing applications for collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

Moreover, the Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his

14

habeas petition. *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Thus, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

The Fourth Circuit has underscored that, in cases subject to the AEDPA, equitable tolling will be permitted in very limited circumstances, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[9]

---

[9] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

15

**Application to the Petition**

Respondents contend the Petition is time barred because the AEDPA limitations period expired on February 17, 1998. [Doc. 27-1 at 5.] Respondents calculate that the limitations period began to run at the conclusion of direct review of Petitioner's conviction, was tolled during the pendency of Petitioner's first PCR application, and began to run again at the conclusion of the review of Petitioner's first PCR application. [*Id.*] Respondents also contend that, according to Petitioner's own allegations in the Petition, "it was his belief that he was supposed to become eligible for parole in 2010, two years before the actual filing date of his habeas petition . . . [and] therefore should have been made aware of any issues with his parole eligibility then." [*Id.* at 7.] Additionally, Respondents argue Petitioner is not entitled to equitable tolling. [*Id.* at 6–8.]

In his motion to dismiss, his clarification of his motion to dismiss, and his response to the Court's Order to show cause, Petitioner contends he has an available state remedy, which the Court should allow Petitioner to exhaust before ruling on the Petition. [Docs. 30, 40, 49.] Thus, Petitioner has failed to respond to Respondents' timeliness argument, but in response to the prompt on the § 2254 form to explain why, if the judgment of conviction became final over one year before Petitioner completed the form, § 2244(d) did not bar the Petition, Petitioner stated that extraordinary circumstances exist:

> There exist acts of Prosecutorial Misconduct that amount to a "miscarriage of Justice" and a total denial of due process of law concerning the allegations before the Court about the petitioner's parole eligible status.
>
> . . . .
>
> Petitioner is also not presently in possession of all the transcripts, orders and affidavits needed to properly refute this

> question. But begs the Court's indulgence, as petitioner will produce the same to prove serious acts of "Prosecutorial Misconduct."

[Doc. 1-3 at 15–16.]

According to the Petition, Petitioner should have been eligible for parole in 2010 but apparently was not granted a parole hearing in 2010. [*See id.* at 6–7.] Therefore, it appears "the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" in 2010, triggering the one-year AEDPA statute of limitations.[10] *See* 28 U.S.C. § 2244(d)(1)(D); *Wade*, 327 F.3d at 333. Accordingly, absent statutory or equitable tolling, the limitations period expired in 2011, well before Petitioner filed the Petition on October 18, 2012.[11]

As to tolling under § 2244(d)(2), Petitioner alleges that in 2010 he attempted to ensure that he would be parole eligible after the service of twenty years. [*See id.* (stating attorney Tommy A. Thomas assisted Petitioner with this matter in July 2010 and consulted and reached an agreement with the Department of Probation, Parole and Pardon Services about Petitioner's parole eligibility status).] However, Petitioner has not alleged that, when he learned he would not be eligible for parole until he served thirty years, he pursued any

---

[10] Like the parties in *Wade*, neither Petitioner nor Respondents appear to contend § 2244(d)(1)(B) or (C) would determine when the statute of limitations began to run. Under § 2244(d)(1)(A), the statute of limitations would have began to run in 1994, when Petitioner's conviction became final. [*See* Doc. 27-2 at 2 (stating the South Carolina Supreme Court dismissed Petitioner's direct appeal in October 1994).] Thus, § 2244(d)(1)(D) determines when the limitations period began because § 2244(d)(1) provides that the statute of limitations runs from the latest of the dates yielded under subsections (A), (B), (C), and (D), 28 U.S.C. § 2244(d)(1), and the date yielded under subsection (D)—2010—is later than the date yielded under subsection (A)—1994.

[11] Petitioner has not provided exact dates as to when he should have been eligible for parole and when he learned that he would not be up for parole in 2010. [*See* Doc. 1-3.] However, even assuming Petitioner learned he was not parole eligible on December 31, 2010, the AEDPA statute of limitations expired on December 31, 2011, more than nine months before Petitioner filed the Petition on October 18, 2012.

17

sort of process to attempt to remedy his parole eligibility status that may have constituted a properly filed application for collateral review of his claims.  See 28 U.S.C. § 2244(d)(2). Further, Petitioner agrees with Respondents that he did not exhaust state remedies, and there is no evidence that he pursued any state remedies.  [See Doc. 27-1 at 4, 10, 14 (stating Petitioner failed to exhaust state remedies by not seeking relief from the South Carolina Administrative Law Court); Doc. 30 at 1 ("Petitioner has [a] legal remedy still remaining on appeal with the state administrative law court to remedy parole eligibility."); Doc. 40 at 2 ("Petitioner still has a state court remedy to exhaust his claim in which is the South Carolina Administrative Law Court. . . . The respondents['] Summary Judgment motion & return clearly explain to the court that petitioner has yet to have any kind of 'hearing or judicial review' upon his claims in state court.").]  Thus, there does not appear to be a basis for statutory tolling of the limitations period.

Finally, as to equitable tolling, Petitioner contends in the Petition that, to the extent the Petition is untimely, his failure to comply with the statute of limitations should be excused because he was denied due process with respect to his parole eligibility through prosecutorial misconduct, which has resulted in a miscarriage of justice.  [Doc. 1-3 at 16.] While prosecutorial misconduct may be an extraordinary circumstance beyond Petitioner's control and external to his own conduct, Petitioner has failed to demonstrate how the alleged prosecutorial misconduct prevented him from filing the Petition on time.  See Rouse, 339 F.3d at 246.  Moreover, there is no indication that Petitioner has been diligently pursuing his rights, see Holland, 130 S. Ct. at 2562—for example, he has failed to exhaust

his state remedies, and he filed the Petition almost two years[12] after he learned he would not be parole eligible. Consequently, there does not appear to be a basis for the Court to equitably toll the statute of limitations. As a result, it appears the Petition—filed on October 18, 2012, well after the limitations period expired in 2011—is time barred, and Respondents' motion for summary judgment should be granted and the Petition be denied.

Although Petitioner has argued repeatedly that he should be allowed to exhaust an available state remedy before the Court rules on the Petition, if the Petition is untimely, allowing Petitioner to exhaust state remedies—by granting his motion to dismiss or staying the Petition pending exhaustion—would be futile. Even if Petitioner's claims were exhausted, because the Petition is untimely, he would still be barred from pursuing relief in this Court. Accordingly, Petitioner's motion to dismiss should be denied.[13]

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends Respondents' motion for summary judgment [Doc. 27] be GRANTED, Petitioner's motion to dismiss without prejudice [Doc. 30] be DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 12, 2013
Greenville, South Carolina

---

[12]Again, the Court will assume that Petitioner did not learn he would not be eligible for parole until December 31, 2010. *See supra* note 12.

[13]The Court expresses no opinion as to whether Petitioner could seek relief through state processes independent of this action.